UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEZEKIAH UBA ORJI,<br><br>                Plaintiff,<br><br>    v.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security,<br><br>                Defendant. | CASE NO. C11-898MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR DEFAULT JUDGMENT |

       This matter comes before the Court on Plaintiff Hezekiah Uba Orji's motion for summary judgment. (Dkt. No. 17.) Having reviewed the motion, Defendant's opposition to the summary judgment motion (Dkt. No. 22), Plaintiff's reply (Dkt. No. 24), and all related documents, the Court DENIES Plaintiff's motion for summary judgment.

       The Court also DENIES Plaintiff's motion for default judgment, which is combined with Plaintiff's reply brief on his motion for summary judgment. (Dkt. No. 24.) In considering Plaintiff's motion for default judgment, the Court has reviewed Plaintiff's supplemental brief

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND MOTION FOR
DEFAULT JUDGMENT- 1

1 | (Dkt. No. 25), his declaration (Dkt. No. 27), and Defendant's opposition to the motion for default
2 | judgment (Dkt. No. 28.)

### Background

Plaintiff Hezekiah Uba Orji, who is proceeding pro se, filed this suit alleging that Defendant Janet Napolitano, the Secretary of the Department of Homeland Security, discriminated against him by not promoting him because of his race, national origin, and sex. (Dkt. No. 17 at 3.) Plaintiff also asserts that he has been subject to reprisals because of his prior EEO activity. (Id.) Plaintiff is employed as an Adjudications Officer with the United States Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security. (Dkt. No. 22 at 2.)

Plaintiff's complaint centers on an incident in November 2006 when he was not selected for a promotion to the position of Immigration Officer (Fraud Detection and National Security), GS-1801-11/13, in the Seattle District office of USCIS. (Dkt. No. 1 at 2.) Plaintiff alleges that he was passed over because he is a Black man of Nigerian origin, and that the Seattle office has an informal preference for White women and Asians. (Dkt. No. 17 at 13.)

Beyond this single incident, Plaintiff also alleges a pattern of discrimination, and asserts that he has responded to more than 25 job openings within USCIS without success. (Id.) He asks the Court to promote him retroactively, and award him back pay and damages. (Dkt. No. 1 at 3.) He also asks the Court to retain jurisdiction in order to supervise hiring and promotion practices at the Seattle office of USCIS. (Id. at 15-16.) Plaintiff's complaint uses the language of both disparate treatment and disparate impact, although his administrative case only discusses disparate treatment. (Dkt. No. 23-12 at 1.)

1  The timing of Plaintiff's summary judgment motion is unusual. The discovery deadline in
2  this case is not until May 25, 2012. Plaintiff asserts that summary judgment is appropriate now
3  because "Plaintiff Orji has so far presented both direct and indirect evidence in this case beyond
4  a reasonable doubt." (Dkt. No. 24 at 3.) Defendant USCIS argues that this motion is premature
5  because discovery has not ended and Plaintiff's motion fails to state with any clarity what causes
6  of action he is seeking summary judgment on. (Dkt. No. 22 at 1.)

7  **Discussion**

8  I.  Summary Judgment

9  Plaintiff does not merit an award of summary judgment at this point because he has not
10 met the high bar required to show that no fact issues remain in this case. Federal Rule 56(a)
11 states that a court "shall grant summary judgment if the movant shows that there is no genuine
12 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
13 Civ. P. 56(a). The party seeking summary judgment must "identify those parts of the record that
14 indicate the absence of a genuine issue of material fact." Brinson v. Linda Rose Joint Venture, 53
15 F.3d 1044, 1048 (9th Cir. 1995).  Once the moving party has made this showing, the nonmoving
16 party must "designate specific facts showing that there is a genuine issue for trial." Celotex Corp.
17 v. Catrett, 477 U.S. 317, 324 (1986).

18 As an initial matter, the Court notes that Defendant incorrectly asserts that a motion for
19 summary judgment is premature. (Dkt. No. 22 at 1.) While it may not be advantageous for a
20 party to move for summary judgment before the discovery process has yielded a sufficient record
21 to support such a motion, the Federal Rules clearly state that "a party may file a motion for
22 summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P.
23 56(b). Here, Plaintiff's motion was filed in accordance with the rules, so it is properly before the
24 Court.

Here, Plaintiff's motion for summary judgment fails because Plaintiff does not provide adequate evidentiary support to show that no genuine issues of material fact remain. Federal Rule 56 requires that on a summary judgment motion, a party must "support the assertion [that a fact cannot be disputed] by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Here, although Plaintiff asserts that he has presented evidence that proves his case "beyond a reasonable doubt," he does not support this assertion by citing to particular parts of materials in the record. (Dkt. No. 24 at 3.)

Plaintiff's primary support for his motion comes from his general references, without specific citations, to the Report of Investigation ("ROI") that was used in his administrative hearing. (Dkt. No. 17 at 6-7; Exhibits 1-20.) Rather than providing support for Plaintiff's motion for summary judgment, the ROI instead suggests that a number of material facts remain for trial. For example, Exhibit 9 contains Plaintiff's affidavit affirming that he believes his experience and training were not considered in the USCIS promotion decision, but that his race, national origin, and sex were the determinative factors. (ROI, Ex. 9 at 4.) However, Exhibit 12 contains the affidavit of Affidavit of Assistant Field Office Director Jack Bennett, who states that he made the promotion decision based on "who I felt was the best qualified for the job." (ROI, Ex. 12 at 3.) Similarly, Exhibit 13 contains the affidavit of Rand Gallagher, USCIS Chief of Staff, HQ Fraud Detection and National Security, who states that the selection was made based on "experience and ability," not race. (Ex. 13 at 3.) Without specific discussion of the ROI and why the portions supporting his argument deserve more weight than those opposing his argument, Plaintiff's motion for summary judgment is not sufficient to support a finding that no material facts remain.

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND MOTION FOR
DEFAULT JUDGMENT- 4

1  While Plaintiff is correct that Defendant has not challenged some of the factual issues
2  mentioned in the ROI, these uncontroverted fact issues are not "material." (Dkt. No. 17 at 7.) A
3  fact is "material" if it might affect the outcome of the suit under the substantive law applicable to
4  the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, in many cases, a
5  fact that would otherwise be material to a claim is rendered immaterial by the failure of the party
6  making the claim to establish some other essential element of the claim. Celotex, 477 U.S. at
7  323. That is exactly the case here. Plaintiff asserts that "the fact that the plaintiff is Black,
8  Nigerian by origin, a Man, and has prior EEO activity is established." (Dkt. No. 17 at 7.) He also
9  asserts that the ROI states that only 1 of 32 employees in the office is Black, and that he "has
10 continuously sought promotional opportunities over 25 times since his initial participation in
11 EEO activity is also established." (Id.) However, while these facts may support some of
12 Plaintiff's substantive law claims, they are rendered immaterial by Plaintiff's failure to establish
13 other essential elements of the claim—namely that discrimination occurred.

14  Plaintiff's other submissions also do not support his motion for summary judgment or
15 demonstrate that no genuine issues of material fact remain. Plaintiff's declaration, which he filed
16 as a "Supplemental to Answer to Defendant's Response to Plaintiff's Motion for Summary
17 Judgment & Motion for Default Judgment," contains allegations his supervisors intentionally
18 manipulated the selection process by adding the qualifications of speaking Korean and being a
19 denial writer after the position was announced. (Dkt. No. 25 at 2.) While this allegation may
20 suggest discriminatory, or at least unfair, conduct, it is not, by itself, proof sufficient to entitle
21 Plaintiff to judgment as a matter of law. Anderson, 477 U.S. at 250.

22 \
23 \
24

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND MOTION FOR
DEFAULT JUDGMENT- 5

II.	Disparate Treatment

An analysis of the elements of each of Plaintiff's claims also reveals that summary judgment is inappropriate at this time. Genuine issues of material fact remain regarding Plaintiff's disparate treatment claim because he has not proven that he was harmed because of his race, national origin, or sex. "A disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993). Here, Plaintiff cites no facts that prove that race was the motivating factor behind him being passed over for promotion. Plaintiff asserts that his candidacy was negatively impacted when the Assistant District Director for Adjudications wrote an email to the selecting official adding additional qualifications not mentioned in the original announcement. (Dkt. No. 17 at 8.) However, at no point in his motion does Plaintiff specifically allege that these additional qualifications had anything to do with his race, sex, or national origin. (Id.)

Plaintiff also fails to rebut Defendant's evidence that the officer in charge of the promotion decision, Assistant Field Director Jack Bennett, made the promotion decision based on who he reasonably thought would be the most qualified, including who he thought would be a better supervisor and who was a better writer. (Dkt. No. 23-2 at 1-3). Once a defendant has offered a non-discriminatory reason for its employment action, to prevail on a claim of discrimination the plaintiff must offer evidence that either "a discriminatory reason more likely motivated the employer to make the challenged employment decision" . . . or that "the employer's proffered explanation is unworthy of credence." Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006). Because Plaintiff does not rebut this evidence, genuine issues of material fact remain as to the issue of disparate treatment.

III.	Disparate Impact

Plaintiff also fails to prevail on summary judgment on his disparate impact claim because he does not prove that a particular employment practice caused a disparate impact on the basis of membership in a protected class. 42 U.S.C. § 2000e-2(k)(1)(A)(I). A Plaintiff seeking to make a claim for disparate impact must identify with particularity the employment practice being challenged. Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). Here, Plaintiff asserts that few Black men are hired in senior positions at the USCIS Seattle office, but he does not identify a specific employment practice that may be responsible for this trend. (Dkt. No. 17 at 13.)

In the record of his administrative hearing, Plaintiff alleged in broad terms that the Seattle USCIS office has a policy of "promoting employees to excite morale," and that this policy has the effect of benefiting women, because most employees are women. (ROI at 5.) However, this broad allegation does not constitute a "specific employment practice," and, in any case, Plaintiff did not specifically address this practice in his motion for summary judgment or provide evidence that it is responsible for the relatively low numbers of African Americans in the Seattle office. (Dkt. No. 17.) Therefore, Plaintiff does not meet the requirement of identifying with particularity the employment practice being challenged. Wards Cove, 490 U.S. 642.

A plaintiff also must establish that the practice being challenged caused the observed imbalance between the employer's workforce and the area population. EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263 (11th Cir. 2000). Because Plaintiff does not identify a specific employment practice, he cannot demonstrate that it caused the racial or gender imbalance.

IV.     Retaliation

Plaintiff also fails to establish his retaliation claim. To establish a prima facie case of retaliation, a plaintiff must show: (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action against him; and (3) there is a causal connection between the protected activity and the adverse action. Vasquez v. County of Los Angeles, 349 F.3d 634, 646

1  (9th Cir. 2003). Here, while Plaintiff asserts that he engaged in protected EEOC activity and that

2  he was subjected to an adverse employment action by failing to obtain a promotion, he fails to

3  point to any evidence of the required causal connection between the two. (Dkt. No. 17 at 8-10.)

4  Plaintiff simply asserts that "he has suffered various forms of retaliation, including interference

5  with his promotional opportunities." (Id. at 8.) This is insufficient to support a claim for

6  retaliation because it does not explain the basis for any causal connection.

7      V.       Default Judgment

8        Plaintiff's motion for default judgment also fails because Defendant has not defaulted in

9  this case. Federal Rule 55 states, "When a party against whom a judgment for affirmative relief

10  is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

11  otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, while Plaintiff

12  argues that he "seeks default judgment for the defendant's failure to provide legal backing for

13  discriminatory and retaliatory activities, which, to date, is reflective of her Workforce profile,"

14  this misunderstands the technical definition of the term "default." (Dkt. No. 25 at 3.)

15        In this case, Defendant has not failed to plead or otherwise defend the matter. Defendant

16  filed an answer to Plaintiff's complaint (Dkt. No. 14), and has continued to file responsive briefs

17  to Plaintiff's motions. (Dkt. Nos. 22, 23, 28.) Plaintiff may object to the substance of

18  Defendant's pleadings, but, in a technical sense, Defendant has not defaulted. Therefore,

19  Plaintiff's motion for default judgment is DENIED.

20  \

21  \

22  \

23  \

24

**Conclusion**

Because Plaintiff does not provide evidence sufficient to show that there is no genuine issue of material fact, the Court DENIES Plaintiff's motion for summary judgment. Because Defendant has not failed to plead or otherwise defend, Plaintiff's motion for default judgment is also DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 16th day of February, 2012.

Marsha J. Pechman
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND MOTION FOR
DEFAULT JUDGMENT- 9